## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**MONTEA ELLIS,**

     **Plaintiff,**

**v.**                                                                     **CASE NO:**

**RITE OF PASSAGE, INC – OAK GROVE ACADEMY,**

     **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MONTEA ELLIS, (hereinafter "Plaintiff" or "Ms. Ellis"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, RITE OF PASSAGE, INC – OAK GROVE ACADEMY (hereinafter "Defendant," "Oak Grove," or "Company") and alleges:

## INTRODUCTION

1.     The Plaintiff brings this action against Defendant, her former employer, seeking to recover damages for unlawful discrimination based on gender in violation of Chapter 760 of the Florida Statutes, the Florida Civil Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA").

2.     As further set forth below, Plaintiff alleges that Defendant

unlawfully discriminated against her, altered the terms, conditions, and privileges of her employment because of her gender in violation of her rights under the FCRA.

3.      As a direct and proximate result of unlawful actions, Plaintiff has suffered actual damages: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, she has suffered and continues to suffer the loss of her professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4.      Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332.

6.      This is an action for damages which exceeds seventy-five thousand dollars ($75,000.00).

7.      Plaintiff and Defendant are citizens of different states. Plaintiff resides in Hamilton County, Florida, Defendant is principally located in Minden, Nevada.

8.     This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

9.     Venue is proper in the United States District Court for the Middle District of Florida, Jacksonville Division, pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Hamilton County, Florida.

## PARTIES

10.     Plaintiff is a 44-year-old African American female.

11.     Plaintiff is a member of a class protected against discrimination based on her gender under the FCRA.

12.     During the period from February 14, 2019, until July 18, 2022, Defendant employed Plaintiff.

13.     At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state

statutes.

14.     At all times material herein, Plaintiff was an employee entitled to protection as defined by the FCRA.

15.     The Defendant is RITE OF PASSAGE, INC – OAK GROVE ACADEMY, a Foreign Profit Corporation with a principal place of business located at 2560 Business Pkwy a, Minden, Nevada 89423.

16.     RITE OF PASSAGE, INC – OAK GROVE ACADEMY operates an office at 11180 NE 38th St, Jasper, Florida 32052, in which the Plaintiff worked.

17.     At all times relevant herein, Defendant regularly conducted, and continues to conduct, business throughout Hamilton County, Florida.

18.     At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to, the FCRA.

19.     Accordingly, Defendant is liable under the FCRA for the unlawful discrimination to which it subjected Plaintiff.

## ADMINISTRATIVE PREREQUISITES

20.     Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

21.    On or about February 13, 2023, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, discrimination based on her gender.

22.    On June 14, 2023, the EEOC issued Plaintiff a Notice of Right to Sue in reference to her Charge of Discrimination (EEOC Charge No. 511-2023-01312) against Defendant.

23.    More than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is also entitled to bring her FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

24.    All conditions precedent to bringing this action have been performed or have occurred.

## **GENERAL ALLEGATIONS**

25.    On February 14, 2019, Oak Grove hired Ms. Ellis to work as a supervisor.

26.     In February 2022, Oak Grove promoted Ms. Ellis to the position of Director of Group Living.

27.     Ms. Ellis reported directly to Dwight Pollock.

28.     Right from the beginning of her employment, Ms. Ellis had concerns about Mr. Pollock's condescending attitude towards women and his habit of dismissing anything a female had to say.

29.     On more than one occasion, Mr. Pollock claimed that Oak Grove did not need to interview women and that it should prioritize interviewing men since all the department heads were already female.

30.     Mr. Pollock held mandatory morning management meetings that only women had to attend.

31.     Due to Mr. Pollock's sexist behavior, several female staff members began making plans to leave Oak Grove.

32.     Ms. Ellis warned Mr. Pollock that his behavior caused turmoil among the female staff, but he refused to address his sexist attitude. This led to the departure of several female staffers, causing coverage shortages.

33.     Additionally, Mr. Pollock failed to pay promised coverage bonuses due to the staffing issues that he himself created.

34.     Frustrated with Mr. Pollock's attitude, Ms. Ellis contacted Oak

Grove's Executive Director, Mr. Cantrell, and Oak Grove's Regional Director of Operations, Mr. Shuler, to notify them of everything going on at the academy. She informed them that she no longer wanted to continue working as the Director of Group Living, as she had to take the blame when staff members did not receive their promised coverage compensation. Mr. Cantrell asked Ms. Ellis for two weeks to investigate the matters before making any changes to her position, and Ms. Ellis agreed.

35.    Mr. Cantrell and Mr. Shuler allegedly investigated and arrived at the conclusion that Ms. Ellis was at fault for the staffing issues.

36.    On July 18, 2022, Mr. Shuler informed Ms. Ellis that she had been terminated.

37.    Mr. Shuler argued that Ms. Ellis had violated Oak Grove's Social Networking Policy by using her Facebook account to state, "I need a job and I don't care who knows it." However, Ms. Ellis did not break any policies. Oak Grove's Social Networking Policy states that "employees are prohibited from engaging in any of the following: 1. Disparaging ROP's services, clients, students, executive leadership, employees and/or strategy (…)." Ms. Ellis had more than one job and never explicitly mentioned or belittled Oak Grove on her Facebook account. Additionally, she did not make the post

while at work, nor was she wearing her school attire at that time. Furthermore, up until that point, Ms. Ellis only had one disciplinary record on an otherwise impeccable file.

38.     Unlike Ms. Ellis, Mr. Pollock did violate Oak Grove's policies by posting photos of kids under Oak Grove's care and supervision on his Facebook page. He did not have the parents' permission to share those pictures, yet he still holds his position at the academy.

39.     Ms. Ellis felt pressured to sign her termination papers. She expressed her reluctance to Mr. Shuler, who allowed her to take the papers with her and sign them later. However, he also ordered Mr. Pollock to follow her around the facility to track her every move, so Ms. Ellis decided to sign the papers to distance herself from Mr. Pollock.

40.     In the end, Ms. Ellis' superiors did not even let her say goodbye to her students.

## COUNT I
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT,
## FLORIDA STATUTES §§ 760.01-11
## Gender Discrimination

41.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 40 of this

Complaint as though fully set forth herein.

42.   Plaintiff is female.

43.   During the period from February 14, 2019, until July 18, 2022, Defendant employed Plaintiff.

44.   Plaintiff, having worked as a Supervisor from February 14, 2019, until February 2022, and as a Director of Group Living from February 2022 until July 18, 2022, showed that she was qualified for her positions.

45.   At all times material herein, Plaintiff's coworkers discriminated against Plaintiff because of her gender by:

      a.   Subjecting Plaintiff and her female coworkers to sexist comments and behavior.

      b.   Not disciplining her male coworker for his sexist behavior.

      c.   Not terminating her male coworker for the identical violation that she allegedly committed.

46.   Defendant, as Plaintiff's employer, was obligated to guard against the discrimination of Plaintiff by her co-workers, supervisors, managers, and other persons and to protect Plaintiff from discrimination in the workplace.

47.   The offensive acts of Plaintiff's coworkers materially altered the

terms and conditions of her employment. Further, a reasonable person would have found that Plaintiff's coworkers' offensive acts materially altered the terms and conditions of Plaintiff's employment.

48.    Plaintiff did not welcome the discrimination and did not directly or indirectly invite or solicit the discrimination by her own acts or statements.

49.    At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about Plaintiff's supervisors' discrimination of Plaintiff, but did not take prompt remedial action to eliminate the discrimination.

50.    Defendant violated the FCRA by, among other things, failing to promptly correct the discriminatory conduct toward Plaintiff once it learned of it and by subjecting Plaintiff to discrimination because of her gender.

51.    Plaintiff, by being subjected to this discrimination created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

52.    The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative

and remedial action to prevent the discrimination of Plaintiff, deprived her of statutory rights under the FCRA.

53.    As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, MONTEA ELLIS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, RITE OF PASSAGE, INC – OAK GROVE ACADEMY, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on her gender;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's

discrimination against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.     Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.     Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.     Award Plaintiff pre- and post-judgment interest;

F.     Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.     Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT II
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT,
## FLORIDA STATUTES §§ 760.01-11
## Retaliation

54.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

55.     Plaintiff is female.

56.     During the period from February 14, 2019, until July 18, 2022, Defendant employed Plaintiff.

57.     Plaintiff, having worked as a Supervisor from February 14, 2019, until February 2022, and as a Director of Group Living from February 2022 until July 18, 2022, showed that she was qualified for her positions.

58.      At all times material herein, Plaintiff's coworkers discriminated against Plaintiff because of her gender by:

   a.     Subjecting Plaintiff and her female coworkers to sexist comments and behavior.

   b.     Not disciplining her male coworker for his sexist behavior.

   c.     Not terminating her male coworker for the identical violation that she allegedly committed.

13

59.    When Plaintiff raised her concerns related to the gender discrimination she experienced at the hands of Mr. Pollock to Mr. Cantrell, Defendant made a willful decision to terminate Plaintiff's employment in response to her complaint of gender discrimination.

60.    The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful retaliation.

61.    Defendant, as Plaintiff's employer, was obligated to guard against the retaliation of Plaintiff by her co-workers, supervisors, managers, and other persons and to protect Plaintiff from retaliation in the workplace.

62.    The offensive acts of Plaintiff's coworkers materially altered the terms and conditions of her employment. Further, a reasonable person would have found that Plaintiff's coworkers' offensive acts materially altered the terms and conditions of Plaintiff's employment.

63.    Plaintiff did not welcome the retaliation and did not directly or indirectly invite or solicit the retaliation by her own acts or statements.

64.    At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about Plaintiff's supervisors' discrimination of Plaintiff, but did not take prompt remedial action to

eliminate the retaliation.

65.    Defendant violated the FCRA by, among other things, failing to promptly correct the retaliatory conduct toward Plaintiff once it learned of it and by subjecting Plaintiff to retaliation because of her complaints related to gender discrimination.

66.    Plaintiff, by being subjected to this retaliation created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

67.    The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the retaliation of Plaintiff, deprived her of statutory rights under the FCRA.

68.    As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and

relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

**WHEREFORE**, the Plaintiff, MONTEA ELLIS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, RITE OF PASSAGE, INC – OAK GROVE ACADEMY, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on her gender;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's discrimination and retaliation against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.    Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's

16

discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.      Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.      Award Plaintiff pre- and post-judgment interest;

F.      Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.      Grant such other and further relief as this Court may deem equitable, just, and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Date this 6th day of November 2023.

*/s/ Jason W. Imler, Esq*
Jason W. Imler
Florida Bar No. 1004422
**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com